IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SHAMEEKA BROWN | : | |
| v. | : | Civil Action No. DKC 09-0753 |
| LANHAM FORD INC. ET AL | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action is the motion to dismiss the amended complaint, filed by Defendant Chrysler Financial Services (Paper 10). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion will be granted.

**I.  Background**

Plaintiff Shameeka Brown purchased a Mercury Sable vehicle from Defendant Darcars Lanham Ford on August 10, 2006. To finance purchase of the vehicle, Plaintiff entered into a Retail Installment Sales Agreement. The terms of the agreement were to be binding only if Lanham Ford were able to assign the contract on satisfactory terms. (Paper 12 ¶ 10). If Lanham Ford was unable to secure approval from a financial source, then Plaintiff would return the vehicle and the sales transaction would be rescinded. (Id. ¶ 12). Plaintiff then entered into an installment contract with Defendant Chrysler Financial Services ("Chrysler Financial") for the purchase of the car, and forwarded a check for $2000.00 as

a down payment to the Lanham Ford. (Id. ¶¶ 13-14). Plaintiff maintains that, shortly thereafter, the car began to experience many mechanical problems and she returned it on August 23, 2006 to Seller. (Id. ¶¶ 15-16).

Plaintiff filed an original complaint on March 26, 2009 against Lanham Ford and Chrysler Financial. Defendant Lanham Ford answered the complaint on April 21, 2009. Defendant Chrysler Financial moved to dismiss the complaint on June 1, 2009. (Paper 5). Plaintiff then filed an amended complaint (Paper 6) without seeking leave pursuant to Fed.R.Civ.P. 15(a)(1) and (2) and Local Rule 103(6). The same day she filed a response to the motion to dismiss. (Paper 7). After filing a reply for its original motion, Chrysler filed a new motion to dismiss addressing the amended complaint. (Paper 10). The court denied the first motion to dismiss as moot on July 9, 2009, leaving only the motion to dismiss the amended complaint pending.

Plaintiff alleges four causes of action, purportedly against both defendants: (1) violation of the Fair Debt Collection Practices Act; (2) violation of the Fair Credit Reporting Act; (3) breach of contract; and (4) breach of implied warranty.

**II. Motion to Dismiss**

    **A. Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint.

*See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999)(citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v.*

3

*Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, No.09-1908, 2009 WL 4348830 (4th Cir. Dec. 2, 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**B. Analysis**

**1. Fair Debt Collection Practices Act**

Plaintiff alleges that Chrysler Financial violated 15 U.S.C. § 1692e (2) and (8) by "filing delinquent credit ratings against the Plaintiff" and "pursuing Plaintiff for a debt which was not owed to Defendant." (Paper 12 ¶¶ 23-24). Defendant argues that the Federal Debt Collection Practices Act ("FDCPA") does not apply to it because it is not a debt collector, and because "[a]utomobile finance companies, in particular, are not subject to the FDCPA." *McGrady v. Nissan Motor Acceptance Corp.*, 40 F. Supp. 2d 1323, 1335 (M.D. Ala. 1998).

The FDCPA is "Congress's response to what it saw as 'the abusive, deceptive, and unfair debt collection practices [used] by many debt collectors.' 15 U.S.C. 1692(a). The statute applies

almost exclusively to those who collect debts owed to others." *James v. Ford Motor Credit Co.*, 842 F. Supp. at 1206 (D. Minn. 1994), aff'd 47 F.3d 961 (8th Cir. 1995). To make a successful claim under the FDCPA, a Plaintiff must show:

> the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.

*Awah v. Donaty*, 2009 U.S. Dist. LEXIS 103077 (D.Md. 2009) at *4, quoting *Dikun v. Streich*, 369 F. Supp. 2d 781, 785 (E.D.Va. 2005).

Plaintiff alleges in her amended complaint that Chrysler Financial is both a creditor and a debt collector. If it is not a debt collector, then it is not subject to the FDCPA. The FDCPA defines "debt collector" as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

15 U.S.C. § 1692a(6). The statute defines a creditor as any person who offers or extends credit to whom a debt is owed. 15 U.S.C. § 1692a(4). As a general rule "actual creditors . . . are not subject to the act." *James,* at 1206, quoting *Meads v. Citicorp Credit Services, Inc.,* 686 F. Supp. 330, 333 (S.D. Ga. 1988). Chrysler Financial maintains it is not a debt collector, and Plaintiff all but concedes this point in her response to the motion

to dismiss. (Paper 7).  "Automobile finance companies which make loans to automobile purchasers do not have as their principal business purposes the collection of debts and they do not generally collect debts due to others." *McGrady v. Nissan Motor Acceptance Corp.*, 40 F. Supp. 2d 1323, 1335 (M.D. Ala. 1998), quoting *James* at 1206 (internal quotes omitted).  Because Chrysler Financial is an automobile finance company, and not a debt collector, the FDCPA does not apply to it.

   **2.   Fair Credit Reporting Act**

Plaintiff alleges that Chrysler Financial violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by providing information about her to a consumer reporting agency that Chrysler Financial knew or should have known was inaccurate. (Paper 12, at 5).

"Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 147 (4th Cir. 2008) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201, 2205-06, 167 L. Ed. 2d 1045 (2007)).  The FCRA creates a private right of action allowing injured consumers to recover "any actual damages" caused by negligent violations and both actual and punitive damages for willful noncompliance. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 239 (4th Cir. 2009); *see* 15 U.S.C.A. §§ 1681n, 1681o.

6

The allegations contained in the complaint do not provide sufficient notice to Chrysler Financial as required by Federal Rule of Civil Procedure 8(a)(2) and as articulated in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  The showing by Plaintiff simply recites elements of a potential cause of action under the FCRA, and provides no factual and contextual information about Defendant's alleged violation.  Plaintiff has failed to provide any facts at all to inform Chrysler Financial of what information was allegedly provided to which credit agency, and so has not met her pleading burden.

**3.   Breach of Contract**

In her amended complaint, Plaintiff maintains that she had a retail installment contract with Chrysler Financial.  Yet she follows by alleging that the "defendant breached the said agreement by failing to secure appropriate financing approval from a financial source."  (Paper 12 ¶ 41).  The financial source through whom Plaintiff was financing her car purchase was Chrysler Financial, with whom she had a retail installment contract.  Therefore, the amended complaint fails to allege a breach of contract by Chrysler Financial.

**4.   Breach of Implied Warranty**

Plaintiff alleges that Defendant Lanham Ford breached an implied warranty of merchantability because the car that Plaintiff purchased "experienced numerous mechanical problems" and then

7

ceased to operate. (Paper 12 ¶ 46).  Plaintiff alleges no wrongdoing on the part of Defendant Chrysler Financial.

### III. Conclusion

Plaintiff has failed to plead adequately the four causes of action discussed above as against Defendant Chrysler Financial. Defendant's motion to dismiss will be granted and a separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
